**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-26122-ALTMAN**

**LAVENSTON LAMON HORNE**,

 *Plaintiff*,

*v.*

**JENNIFER RODRIGUE**,

 *Defendant.*

_____/

<u>**ORDER GRANTING MOTION TO DISMISS**</u>

On January 5, 2026, the Defendant filed a Motion to Dismiss [ECF No. 3], asking that the "Plaintiff's Complaint be dismissed with prejudice." *Id.* at 8 (citing State Court Complaint [ECF No. 1-2]). Our Local Rules require that, "[f]or all motions, except motions served with the summons and complaint, each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." S.D. FLA. L.R. 7.1(c)(1). On March 9, 2026, weeks *after* this 14-day response period expired, we granted Horne additional time to respond and ordered that he "respond to the Motion to Dismiss by March 13, 2026." Paperless Order to Show Cause [ECF No. 10]. We also warned Horne that, "[i]f, by that date, the Plaintiff hasn't responded, we'll grant the Motion to Dismiss by default." *Ibid.* Despite our warnings and our explicit instruction to comply by March 13, 2026, Horne has neither responded to the Motion to Dismiss nor filed a motion for extension of time. *See generally* Docket.

Horne's failure to respond, standing alone, is sufficient for us to grant the Motion to Dismiss by default. *See, e.g.*, *Horne v. Cava*, 2026 WL 458571, at *1 (S.D. Fla. Feb. 18, 2026) (Altman, J.) ("Horne's failure to respond, standing alone, is sufficient for us to grant the Motion to Dismiss by

default."); *Weeks v. Braddy*, 2023 WL 2610290, at *1 n.1 (S.D. Fla. Mar. 23, 2023) (Altman, J.) ("Because Weeks didn't file a Response, we grant the Defendants' motions by default."); *Augusme v. Carlton*, 2022 WL 10042943, at *2 (S.D. Fla. Oct. 17, 2022) (Altman, J.) ("Augusme didn't file a response opposing or otherwise objecting to the Motion to Dismiss—which gives us grounds to grant the Motion by default."). Dismissal is also appropriate under FED. R. CIV. P. 41(b) because Horne failed to comply with our Order to Show Cause. *See Jacobs*, 685 F. App'x at 827 ("Furthermore, we cannot say the district court abused its discretion by dismissing Jacob's action with prejudice under Rule 41(b). The district court extended the deadline once and warned Jacobs twice that if she failed to comply with the court-ordered deadline, her action would be dismissed. Despite being forewarned, Jacobs did not file her amended complaint on April 27, 2016."); *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits.").

We recognize (of course) that Horne is proceeding *pro se* and that courts "should show leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Still, for two reasons, we conclude that dismissing Horne's Complaint by default, and *without prejudice*, is the proper outcome here.

*First*, Horne's *pro se* status is not an excuse to ignore or miss important deadlines. "Despite construction leniency afforded to *pro se* litigants, we nevertheless have required them to conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). A *pro se* litigant, in other words, must "comply with procedural rules, including applicable filing deadlines." *Brandau v. Warden, FCC Coleman-Medium*, 476 F. App'x 367, 369 (11th Cir. 2012); *see also Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) ("Liberal construction [for *pro se* litigants] does not mean liberal deadlines."). Here, not only did Horne initially fail to comply with Local Rule 7.1(c)(1)'s clear directive that he file a response in opposition within fourteen days, but he also failed to respond or file a motion for

extension of time by March 13, 2026, after being explicitly ordered to do so. *See* Paperless Order to Show Cause. And Horne cannot use his *pro se* status to evade our deadlines. *See Pierre v. Florida*, 2023 WL 5507727, at *1 n.1 (S.D. Fla. Aug. 25, 2023) (Bloom, J.) ("Failure to comply with [Local Rule 7.1(c)(1)] gives the Court sufficient cause to grant the motion by default. Petitioner's *pro se* status does not excuse his failure to comply with this rule." (cleaned up)).

*Second*, we've already given Horne additional time to respond—a courtesy we wouldn't have extended to a counseled party. Although Horne's response was due on January 20, 2026, we ordered him to respond by March 13, 2026, and he then *still* had an additional three days to file his response (by March 16, 2026), under FED. R. CIV. P. 6(d), because "service [was] made [by mailing the Motion to the person's last known address]." We needn't wait indefinitely for a response that may never come.

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1.   The Motion to Dismiss [ECF No. 3] is **GRANTED by default**.

2.   The Removed Complaint [ECF No. 1] is **DISMISSED without prejudice**.

3.   The Clerk of Court is directed to **CLOSE** this case. All pending deadlines and hearings are **TERMINATED**, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on March 17, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record
         Lavenston Lamont Horne, *pro se*

3